**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| EFIM ELICKMAN, individually and on behalf of classes of similarly situated individuals, | ) | |
| *Plaintiff*, | ) | No. |
| v. | ) | |
| SIRIUS XM RADIO, INC., a Delaware corporation, | ) | Judge: |
| *Defendant*. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Efim Elickman ("Plaintiff") brings this class action complaint against Defendant Sirius XM Radio, Inc., ("Defendant") to stop Defendant's unlawful telephone solicitation practices in the form of unauthorized telephone calls using an automatic telephone dialing system ("ATDS"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. In a misguided effort to offer its satellite radio subscription services to consumers throughout the country, Defendant violated federal law by making unauthorized automated telephone calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation.

2. By effectuating these unsolicited robocalls, Defendant has violated the called parties' statutory rights and has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily

accompanies unsolicited telemarketing calls, but also because the recipients sometimes have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class and subclass, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

4. On behalf of the class and subclass, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the class, together with costs and attorneys' fees.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received Defendants' unsolicited robocalls within this District.

**PARTIES**

7. Plaintiff Elickman is a resident of the State of Illinois.

8. Defendant Sirius XM Radio, Inc., is a nationwide provider of satellite radio services. Defendant is a Delaware corporation with its principal place of business located in

New York. Defendant conducts business in this District, and conducts business elsewhere throughout the United States.

**COMMON ALLEGATIONS OF FACT**

9. Defendant is a nationwide provider of a paid subscription satellite radio service.

10. In an effort to promote its satellite radio service, Defendant established an automated calling operation involving unsolicited telephone calls being made by an ATDS to hundreds or thousands of phone numbers.

11. Starting at least as early as December 2014, Defendant directed the mass transmission of unsolicited robocalls to the cell phones nationwide of what it hoped were potential customers of Defendant's services.

12. Beginning in or about December 2014, in an apparent effort to sell its satellite radio subscription service to Plaintiff, Defendant began placing robocalls to Plaintiff's cellular telephone.

13. Specifically, Plaintiff's cell phone would ring and indicate that he was receiving a phone call from 888-539-7474, a phone number associated with Defendant.

14. Upon information and belief, Defendant places these telemarketing calls, including the calls made to Plaintiff, en masse using a "predictive" dialer, which automatically places calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative.

15. When Plaintiff would answer the phone calls, the call would be connected to a call center and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting Defendant's satellite radio service.

16. Plaintiff has received these unwanted and unsolicited robocalls one to two times a week, every week, for the past three months.

17. For example, on or about February 26, 2015, Plaintiff received yet another unauthorized robocall from Defendant. When Defendant answered the call, a sales associate introduced herself by name, stated that she was calling on behalf of Sirius XM Radio, and proceeded to make a sales pitch. The sales associate told Plaintiff to call 888-553-9879 – a phone number associated with Defendant – if he was interested in purchasing a subscription.

18. Plaintiff has never been a Sirius XM subscriber and at no time did Plaintiff provide Defendant with consent, including any written consent, to place any telephone calls, including any calls made through an ATDS, to his cellular telephone number.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff brings this action on behalf of himself and a nationwide class (the "Class" or "Called Party Class"), with one subclass (the "Subclass" or "Written Consent Subclass") defined as follows:

(i) The Called Party Class: All persons in the United States and its Territories who, since March 9, 2011, received one or more telemarketing telephone calls on their cellular telephone from Defendant through an automated telephone dialing system without providing prior express consent to receive such phone calls.

(ii) The Written Consent Subclass: All persons in the United States and its Territories who, since October 16, 2013, received one or more telemarketing telephone calls on their cellular telephone from Defendant through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

20. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

21. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

22. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

23. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

24. Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

25. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Did Defendant place calls using an automatic telephone dialing system?

(b) Did Defendant place telemarketing calls using an automatic telephone dialing system to persons who did not previously provide Defendant with prior express consent to receive such calls on their respective cellular telephone numbers?

(c) Did Defendant place telemarketing calls using an automatic telephone dialing system after October 16, 2013 to persons who did not previously provide Defendant with prior express written consent to receive such calls on their respective cellular telephone numbers?

(d) Did the unauthorized calls made by Defendant using an ATDS violate the TCPA?

(e) Was Defendant's conduct in violation of the TCPA willful such that the members of the Class and Subclass are entitled to treble damages?

(f) Should Defendant be enjoined from continuing to engage in such conduct?

**COUNT I**
**Violation of Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of the Called Party Class and Written Consent Subclass**

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. Defendant made unsolicited telemarketing telephone calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

28. Defendant made unsolicited telemarketing telephone calls after October 16, 2013 without prior express written consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Subclass. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

29. Defendant's conduct violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

30. As a result of Defendant's illegal conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

**REQUEST FOR RELIEF**

Plaintiff, on behalf of himself and the Class and Subclass, request the following relief:

A. An order certifying the Class and Subclass as defined above;

B. An award of statutory damages;

C. An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D. An award of reasonable attorney's fees and expenses of litigation; and

E. Such further and other relief as the Court deems just or equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 10, 2015

EFIM ELICKMAN, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
161 North Clark Street, 47th Fl.
Chicago, Illinois 60601
Tel: (312) 216-5179
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com