# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| YEFIM ELIKMAN, individually and on behalf of classes of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff*, | ) No. 15-cv-02093<br>) |
| v. | )<br>) |
| SIRIUS XM RADIO, INC., a Delaware corporation, CAREER HORIZONS, INC., an Indiana corporation, | )<br>) Hon. Joan H. Lefkow<br>)<br>) |
| *Defendants*. | )<br>) |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Yefim Elikman ("Plaintiff") brings this second amended class action complaint against Defendants Sirius XM Radio, Inc. ("Sirius XM") and Career Horizons, Inc. d/b/a TeleServices Direct ("TeleServices") (collectively "Defendants"), to stop Defendants' unlawful telephone solicitation practices in the form of unauthorized telephone calls using an automatic telephone dialing system ("ATDS"), and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to market its satellite radio subscription services, Sirius XM, together with its agent TeleServices, established an automated calling operation to place unsolicited automated calls to the cellular telephones of thousands of consumers nationwide.

1

2. Defendants Sirius XM and TeleServices violated federal law when the automated calling operation established, directed, and operated by Defendants to market Sirius XM's satellite radio service, placed unauthorized automated telephone calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation.

3. Defendants Sirius XM and TeleServices also violated federal law when the automated calling operation established, directed, and operated by Defendants to market Sirius XM's satellite radio service, placed unauthorized telephone solicitation calls to the telephones of individuals throughout the nation whose phone numbers were registered with the National Do-Not-Call registry, as established by 47 U.S.C. § 227(c).

4. By effectuating these unauthorized calls, Defendants have violated the called parties' statutory rights and have caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls, but also because the recipients sometimes have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plan.

5. In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide classes brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

6. On behalf of the classes, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, as Plaintiff's cellular telephone received Defendants' unsolicited robocalls within this District.

## PARTIES

9. Plaintiff Elikman is a resident of the State of Illinois.

10. Defendant Sirius XM Radio, Inc. is a nationwide provider of satellite radio services. Sirius XM is a Delaware corporation with its principal place of business located in New York. Sirius XM conducts business in this District, and conducts business elsewhere throughout the United States.

11. Defendant Career Horizons, Inc. d/b/a TeleServices Direct is a global operator of call centers located in the United States and in other countries. TeleServices is an Indiana corporation with its principal place of business located in Indiana.

## COMMON ALLEGATIONS OF FACT

12. Sirius XM is a nationwide provider of a paid subscription satellite radio service.

13. TeleServices is a global operator of call centers that works with various companies to establish automated phone call operations that market their goods and services by

3

using an ATDS to place telephone calls to the phone numbers of thousands of potential customers.

14. In an effort to promote its satellite radio service, Sirius XM contracted with TeleServices to establish an automated calling operation to solicit potential customers.

15. Sirius XM and TeleServices both shared control over various aspects of the day-to-day operations of the automated calling operation.

16. Sirius XM authorized and directed the automated calling operation to act on its behalf and establish contractual relationships between Sirius XM and called parties who agreed to purchase Sirius XM's satellite radio service as a result of a successful telephone solicitation call.

17. Starting at least as early as 2014, Defendants engaged in the mass transmission of unsolicited robocalls to the cell phones nationwide of what they hoped were potential customers of Sirius XM services.

18. Beginning in or about December 2014, in an apparent effort to sell Sirius XM's satellite radio subscription service to Plaintiff, Defendants began placing robocalls to Plaintiff's cellular telephone.

19. Specifically, Plaintiff's cell phone would ring and indicate that he was receiving a phone call from 888-539-7474, a phone number associated with Defendants' automated calling operation that markets Sirius XM's satellite radio service.

20. These automated solicitation calls, including the calls made to Plaintiff, were placed en masse using "predictive dialing" technology, which automatically places calls without

human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative.

21. When Plaintiff would answer the phone calls, the call would be connected to Defendants' automated calling operation and a sales representative would eventually come on the line and attempt to make a "sales pitch" promoting Sirius XM's satellite radio service.

22. For example, on or about February 26, 2015, Plaintiff received yet another unauthorized robocall from Defendants. When Plaintiff answered the call, a sales associate introduced herself by name, stated that she was calling on behalf of Sirius XM Radio, and proceeded to make a sales pitch. The sales associate told Plaintiff to call 888-553-9879 – another phone number associated with Defendants' automated calling operation that markets Sirius XM's satellite radio service – if he was interested in purchasing a subscription in the future.

23. Plaintiff received these unwanted and unsolicited robocalls one to two times a week, every week, over the past several months preceding the filing of the instant complaint.

24. Plaintiff has never been a Sirius XM subscriber and at no time did Plaintiff provide Sirius XM or TeleServices with consent, including any written consent, to place any telephone calls, including any calls made through an ATDS, to his cellular telephone number.

25. Plaintiff's cellular telephone number has been registered with the National Do-Not-Call Registry since August 2006 and at all times that he received robocalls from Defendants.

26. Plaintiff has never contacted Sirius XM or TeleServices for any purpose and has never had any business relationship with either Defendant.

27. Sirius XM was, or should have been, aware that the automated calling operation marketing its satellite radio service was placing telephone solicitation calls in violation of the TCPA.

28. Sirius XM had the ability to prevent unauthorized calls in violation of the TCPA from being placed by the automated calling operation.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself, two nationwide classes, and one subclass (together, the "Classes") defined as follows:

(i) The Called Party Class: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received one or more telephone solicitation calls on their cellular telephone advertising Sirius XM's satellite radio service through an automated telephone dialing system without providing prior express consent to receive such phone calls.

(ii) The Written Consent Subclass: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising Sirius XM's satellite radio service through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

(iii) The Do-Not-Call Class: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received one or more telephone solicitation calls on their telephone advertising Sirius XM's satellite radio service more than 31 days after registering their telephone number with the National Do-Not-Call Registry and who

did not have a prior established business relationship with Defendants and did not provide Defendants prior express written consent to receive such calls..

30. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

31. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

33. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

34. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

35. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Did Defendants place automated telephone calls marketing Sirius XM's satellite radio service?

(b) Were the calls marketing Sirius XM's satellite radio service placed using an automatic telephone dialing system?

(c) Did Defendants place telephone solicitation calls advertising Sirius XM's satellite radio service using an automatic telephone dialing system to persons who did not previously provide Defendants with prior express consent to receive such calls on their respective cellular telephone numbers?

(d) Did Defendants place telephone solicitation calls advertising Sirius XM's satellite services using an automatic telephone dialing system after October 16, 2013 to persons who did not previously provide Defendants with prior express written consent to receive such calls on their respective cellular telephone numbers?

(e) Did the unauthorized calls made by Defendants using an ATDS violate the TCPA?

(f) Did Defendants place telephone solicitation calls advertising Sirius XM's satellite services to persons whose telephone numbers were registered with the National

Do-Not-Call Registry and who did not have a prior established relationship with Defendants and did not provide Defendants with prior express written consent to receive such calls?

(g) Was Defendants' conduct in violation of the TCPA willful such that the members of the Classes are entitled to treble damages?

(h) Should Defendants be enjoined from continuing to engage in such conduct?

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Called Party Class and Written Consent Subclass

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendants made unauthorized telephone solicitation calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Called Party Class. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

38. Defendants made unauthorized telephone solicitation calls after October 16, 2013 without prior express written consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Written Consent Subclass. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

39. Defendants' conduct violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendants' illegal conduct, the members of the Called Party Class and Written Consent Subclass have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## COUNT II
### Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Do-Not-Call Class

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendants made telephone solicitation calls to the telephone numbers of Plaintiff and the other members of the Do-Not-Call Class.

43. Each such call was placed more than 31 days after Plaintiff and the other members of the Do-Not-Call Class had registered their respective phone numbers with the National Do-Not-Call Registry.

44. Plaintiff and the other members of the Do-Not-Call Class never had an established business relationship with Defendants prior to receiving the calls.

45. Plaintiff and the other members of the Do-Not-Call Class never gave prior express written consent to Defendants to receive telephone solicitation calls.

46. Defendants' conduct violated the TCPA, 47 U.S.C. § 227(c)(5) and its implementing regulations 47 C.F.R. 64.1200(c)(2) and 47 C.F.R. 64.1200(e).

47. As a result of Defendants' illegal conduct, the members of the Do-Not-Call Class have had their privacy rights violated, have suffered statutory and actual damages, and, under 47

U.S.C. § 227(c)(5)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

## REQUEST FOR RELIEF

Plaintiff, on behalf of himself and the Classes, requests the following relief:

A. An order certifying the Classes as defined above;

B. An award of statutory damages;

C. An injunction requiring Defendants to cease all unauthorized automated telephone activities;

D. An award of reasonable attorney's fees and expenses of litigation; and

E. Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 1, 2015

YEFIM ELIKMAN, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
161 North Clark Street, 47th Fl.
Chicago, Illinois 60601
Tel: (312) 216-5179
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com